WILL NICHOLSON v. STATE.

No. A-3608—Opinion Filed Dec. 2, 1920.

Rehearing Denied April 6, 1921.

(196 Pac. 730.)

(Syllabus)

LARCENY—Sufficiency of Evidence—Grand Larceny. In a prosecution for grand larceny, evidence held sufficient to support the conviction.

*Appeal from District Court, Comanche County;*

*Cham Jones, Judge.*

Will Nicholson was convicted of grand larceny, and he appeals. Affirmed.

*A. J. Taft,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Will Nicholson, was convicted of grand larceny, and his punishment fixed at five years' imprisonment in the penitentiary. From the judgment rendered in pursuance of the verdict, on the 22d day of February, 1919, he appeals. The information jointly charged Claude Cheeves, Will Nicholson, and J. E. Knight with the crime of grand larceny, alleged to have been committed in Comanche county on the 5th day of June, 1918.

The errors assigned are that the verdict of the jury

is contrary to law and to the evidence, and that the trial court erred in its instructions.

This is a companion case to that of *Claude Cheeves v. State, ante,* p. 480, 196 Pac. 726. The same witnesses testified, and the evidence on the part of the state was the same as the evidence in the Cheeves' case. The statement of the evidence in the opinion in the Cheeves' Case is sufficient, without reciting it in this opinion.

As a witness in his own behalf the defendant Nicholson testified:

"I don't know as I could tell exactly how those goods came to my house. All I know is they were in my brother's trunk, and that he put them in there, and, when he got ready to go to the army he left the trunk there. The trunk has been in my house ever since I was married. Whenever I would move I always moved it with me. The lock on the trunk was broken, and so the trunk was never locked. My brother is not in the army now."

Claude Cheeves, codefendant, testified:

"I am one of the defendants, and I was convicted. Otto Nicholson, the defendant's brother, and I were down at Ragtown, and we bought these goods down there. When we came back we stopped at the defendant's house and divided them. He left his half there, and put them in his trunk. I took my half home. We paid $50 for the whole bunch."

The questions in this case are the same as those fully passed upon and decided in the Cheeves' Case. We see no reason to doubt that this conviction was justified by the evidence. The trial was in all respects fair, and we are unable, after a careful examination, to find any-

thing in the record sufficient to warrant this court in interfering with the verdict and judgment of conviction. The judgment is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.